64,532-05

COURT OF CRIMINAL APPEALS OF TEXAS

OFFICE OF THE CLERK

APRIL 1, 2015


HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS, ABEL ACOSTA, CLERK.

COURT OF CRIMINAL APPEALS OF TEXAS

P.O. BOX 12308, CAPITOL STATION

AUSTIN, TEXAS   78711


RE: KEITH L. CARTER V. DALLAS COUNTY DISTRICT CLERK

    TRL. CT. NO. F-0242680-RV


Dear Ms. Pearson:

Enclosed for filing is Relator's "WRIT OF MANDAMUS" accordingly.

Please give notice upon receipt.

Thank you respectfully for your assistance.


Sincerely,

Keith L. Carter
Relator - Applicant

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 13 2015

Abel Acosta, Clerk


KLC/trh

cc:file;

COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

NO. WR-64,532-03

KEITH L. CARTER, RELATOR

V.

DALLAS COUNTY DISTRICT CLERK, RESPONDENT

---

ON APPLICATION FOR WRIT OF MANDAMUS
CAUSE NO. F-0242680-RV
IN THE 292nd JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY

---

ORDER

Relator filed a previous mandamus pursuant to the jurisdiction of this Court. In it he contends that he filed an Application for a Writ of Habeas Corpus in the 292nd judicial district Court of Dallas County, Texas.

In an attempt to proceed under jurisdictional procedure where such Writ of Habeas Corpus is ordered by the convicting Trial Court to the Clerk of the District Court to send such Application of Writ of Habeas Corpus to this Court of Criminal Appeals of Texas.

Under legal analysis perspective additional facts have been provided through due diligence that all records, except the original Writ of Habeas Corpus, nor a copy of the Writ of Habeas Corpus has been sent in compliance and order by the Trial Court or mandamus order by the Court of Criminal Appeals of Texas under the supra number WR-64,532-03 where evidence shows no Application for Writ of Habeas Corpus was with the records sent by the Clerk of Dallas County, Texas.

Further the continuation of such delay of Habeas proceeding process is violaitve under State and Federal Constitutional Law when the State's highest Court can not proceed accordingly due to District Clerk failure to obey such order at his or her discretion after (McCree v. Hampton) have expired and no Application of Writ of Habeas Corpus have not been provided accordingly.

_Keith L. Carter_
Relator - Pro se

KLC/trh
cc:file;